**Pestcoe Estate**

644

*Sheldon Keesal*, for petitioner.

KLEIN, P. J., April 16, 1962.—Deborah Sue Pestcoe is six years of age, having been born February 25, 1956. On April 7, 1960, Harry Pestcoe, her grandfather, made a gift to her of 10 shares of stock of the American Telephone and Telegraph Company of a value of approximately $1,200, under the provisions of the Act of June 21, 1957, P. L. 358, known as the Pennsylvania Uniform Gifts to Minors Act. He designated himself as custodian. On February 4, 1961, he died.

A petition has been field by Marvin J. Pestcoe, the minor's father, with the assent of Shirley R. Pestcoe, the minor's mother, asking for the appointment of Mildred Rosensweig, the minor's aunt, as successor custodian.

In view of the many basic changes made in the law of this state with reference to the estates of minors by the adoption of the Pennsylvania Uniform Gifts to

Minors Act, and the fact that we have not found any decisions construing its provisions, we believe it would prove helpful if we were to undertake to review some of the salient features of this legislation.

The statute vests considerable authority in a custodian, in addition to conferring upon him all the rights and powers which a guardian has with respect to other property belonging to a minor: section 5 (i). He has authority to expend the entire principal and income for the minor's support, maintenance, education or benefit, in his discretion, with or without court order: section 5 (b). A custodian, other than the donor, may resign and designate an adult member of the minor's family,* a guardian of the minor or a trust company as successor custodian, with all the rights, powers, duties and immunities of the original custodian: section 8 (a) (b.1).

A custodian is entitled to reimbursement from custodial property for his reasonable expenses incurred in the performance of his duties: section 6 (a). He may act without compensation for his services: section 6-(b). However, if he is not the donor, he may receive reasonable compensation for his services, which may be specified by the donor when the gift is made: section 6 (c).

It seems clear that the orphans' court has exclusive jurisdiction in the appointment of the successor custodian, as requested in the petition, as the statute specifically defines "court" as "the orphans' court having jurisdiction over the minor or the property", and the present petition recites that the minor resides with her parents in Philadelphia.

---

* Definition: "(10) A 'member' of a 'minor's family' means any of the minor's parents, grandparents, brothers, sisters, uncles and aunts, whether of the whole blood or the half blood, or by or through legal adoption."

Section 8, sub-section (d), provides:

"(d) *If the person designated as custodian* is not eligible, renounces or *dies before the minor attains the age of twenty-one years, the guardian of the minor shall be successor custodian. If the minor has no guardian,* a donor, his legal representative, the legal representative of the custodian, *an adult member of the minor's family,* or the minor if he has attained the age of fourteen years, *may petition the court for the designation of a successor custodian."* (Italics supplied.)

It appears from paragraph 3 of the petition "that no guardian of the estate of the minor has heretofore been appointed." The father of the minor is, therefore, a proper person to petition for the appointment of a successor custodian.

It seems clear, however, that the statute contemplates notice to all persons who may have an interest in the proceedings before the court shall appoint a successor custodian.

Sub-section (f) of section 8 provides:

"(f) *Upon the filing of a petition as provided in this section, the court shall grant an order, directed to the persons and returnable on such notice as the court may require, to show cause why the relief prayed for in the petition should not be granted,* and in due course grant such relief as the court finds to be in the best interests of the minor." (Italics supplied).

If the minor has a guardian, he automatically becomes successor custodian under the act. If he has no guardian, as is the fact in the present case, the orphans' court must determine who the interested parties are, to whom notice shall be given.

In our opinion, the parties in interest to whom notice must be given are:

1. The natural parents of the minor, or the survivor if one has died, or if both are dead, then the person who stands *in loco parentis;*

2. The donor, if he is living, or his personal representative, if he be dead; and

3. The personal representative of the deceased custodian, if the donor has designated some one, other than himself, as custodian.

If all of the parties enumerated above have joined in the prayer of the petition, a decree may be entered forthwith appointing the successor custodian. Otherwise, a citation should be issued directed to those who have not assented to show cause why the appointment should not be made as requested.

In the present case, the donor designated himself as custodian. When the petition was first filed, his will had not been probated. Since then this has been done and letters testamentary have been issued to Yetta Pestcoe, the executrix named in his will, and she has consented to the appointment of Mildred Rosenweig, the minor's aunt, as successor custodian. Accordingly, it appears that all the requirements of the statute have been met as (1) the petition is by the minor's parents, (2) the proposed successor guardian is a member of the minor's family, and (3) all persons who have an interest in the proceedings have joined in the prayer of the petition.

Generally, when the orphans' court appoints a guardian or a substituted guardian, an order is made directing that adequate security be entered to safeguard the minor, or that the funds be deposited in restricted account in a banking institution or in a mutual savings and loan association, subject to the continuous control of the court. Section 6(d) of the statute under consideration, provides that a custodian shall not be required to give bond for the performance of his duties. However, under section 8(e) "A donor, the legal representative of a donor, an adult member of the minor's family, a guardian of the minor or the minor if he has attained the age of fourteen years, may

petition the court that, *for cause shown* in the petition, the custodian be removed and a successor custodian be designated, or, in the alternative, *that the custodian be required to give bond for the performance of his duties.*" (Italics supplied.)

We need not consider, at this time the extent of the court's power, if any, to compel the entry of security by a successor custodian, when no request is made by a party in interest. We are fully satisfied that no security is required under the circumstances of this case.

### Decree

And now, April 16, 1962, upon motion of Sheldon Keesal, Esquire, Mildred Rosensweig is appointed successor custodian for Deborah Sue Pestcoe, a minor, under the provisions of the Pennsylvania Uniform Gifts to Minors Act, for 10 shares of American Telephone and Telegraph Company, now registered in the name of Harry Pestcoe, cusodian for Deborah Sue Pestcoe.

